# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID SCHMIDT,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>C.R. BARD, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:11-cv-00978-PMP-PAL<br><br>**ORDER** |

　　　Before the court is the parties' Stipulated Protective Order Regarding Confidential Information (Dkt. #31) which the court approved, with the exception of a portion of Paragraph 16, to facilitate discovery in this case. This order also reminds counsel that there is a presumption of public access to judicial files and records. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

　　　A portion of Paragraph 16 of the parties' proposed stipulation was not approved and was deleted by the court. It contained provisions permitting the parties to file confidential information with the Clerk of the Court in a sealed envelope. While this was an accepted practice prior to the adoption of the court's electronic filing procedures, with a few exceptions not applicable here, the Clerk of the Court no longer maintains paper records. Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the court's electronic filing procedures. *See* LR 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's

electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.* Documents filed under seal are not accessible to the public.

The court has approved the parties' blanket protective order to facilitate their discovery exchanges. However, the parties have not shown, and court has not found, that any specific documents are secret or confidential. The parties have not provided specific facts supported by affidavits or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information under Rule 26(c) or that disclosure would cause an identifiable and significant harm. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana* 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180.

**IT IS ORDERED** that:

1. The provisions of Paragraph 16 of the parties' Proposed Stipulated Protective Order (Dkt. #31) that requires them to file confidential material with the Clerk of Court in a sealed envelope is **NOT APPROVED** and is **DENIED**.

2. The parties shall comply with the requirements of LR 10-5(b), and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal.

Dated this 30th day of January, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE