**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID SCHMIDT,

          Plaintiff,

vs.

C.R. BARD, INC., et al.,

          Defendants.

Case No. 2:11-cv-00978-PMP-PAL

**ORDER**

(Mtn to Seal - Dkt. #78)
(Mtn to Seal - Dkt. #85)

    This matter is before the court on Plaintiff's Motion to Seal His Reply Brief in Support of His Motion to De-Designate the Deposition Transcripts of Roger Darois and David Ciavarell (Dkt. #85) and Memorandum of Points and Authorities in Support (Dkt. #86). No responses to the Motions were filed, and the time for filing them has now run. The court has considered the Motions. The Motion seeks leave pursuant to Local Rule 10-5(b), to file the Motion to De-Designate (Dkt. #78), Memorandum in Support (Dkt. #79) and its Exhibits, and the Reply (Dkt. #88) and its Exhibits under seal. Plaintiff represents that these filings are subject to a Protective Order (Dkt. #48) entered by the court on January 30, 2012.

**BACKGROUND**

    In the Protective Order, the court approved the parties Stipulated Protective Order (Dkt. #31), with the exception of paragraph sixteen, which would have allowed the parties to submit confidential documents to the Clerk of Court in a sealed envelope. In a subsequent Order (Dkt. #50), the court advised the parties that it had approved, with the exception of paragraph sixteen, the Stipulated Protective Order to facilitate discovery in this case. The Order informed the parties that, in seeking to submit confidential information to the court, they must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), in order to file documents

1  under seal.  Specifically, the court directed that parties seeking to maintain the confidentiality of
2  documents attached to non-dispositive motion must show good cause exists to overcome the
3  presumption of public access to judicial documents.  *See* Order (Dkt. #50) at 2:11-13.
4         Plaintiff contends the Motion, Memorandum, and Reply should be permitted to be filed under
5  seal because they are subject to paragraph seven of the Protective Order, which provides, "Written and
6  oral communication between or among counsel for the Parties that quote from or describe or discuss the
7  contents of Confidential Material automatically shall be subject to this protective order."  *Id.*  Plaintiff
8  contends the Motion to De-Designate, Memorandum, and Reply describe and discuss the contents of
9  deposition transcripts or contain portions of the deposition transcripts themselves, all of which is
10 designated confidential under the Protective Order.
11        On July 19, 2012, the court held a hearing on the Motion to De-Designate.  *See* Minutes of
12 Proceeding (Dkt. #89).  At the hearing, the court clarified that, as explained in its earlier Order (Dkt.
13 #50), the Protective Order was a blanket order entered in order to facilitate the parties' discovery
14 exchanges.  The court specifically found that no party had made any particularized showing of good
15 cause as required by *Kamakana* with respect to any specific documents.  The court noted in the Order
16 and at the hearing the strong presumption of public access to documents filed in court.  It found
17 Defendants failed to establish good cause to maintain the confidentiality of all other portions of
18 deposition transcripts.  However, it also found Plaintiff failed to complied with the meet and confer
19 requirement mandated by Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26-7(b).
20 Accordingly, the court granted Plaintiff's Motion to De-Designate in part, finding the depositions were
21 not confidential under the Protective Order except for the provisions of the transcripts that Defendants
22 designated as confidential in a June 8, 2012, letter.  *See* Declaration of Eric L. Alexander at ¶4 and
23 Exhibit 1 thereto, submitted with Defendants' Opposition (Dkt. #84).  The court denied the Motion to
24 De-Designate, without prejudice, with respect to following portions of Dr. Ciavarella and Mr. Darios'
25 depositions, designated confidential in defense counsel's June 8, 2012, letter:

***Dr. David Ciavarella's Deposition on January 19, 2012***
    17:4-20:21; 22:8-24:12; 24:21-25:6; 25:25-26:9; 32:5-34:9; 101:20-102:23;
    36:6-12; 37:11-41:10; 45:12-46:9; 47:19-55:13; 56:17-23; 41:11-44:23;

1 | 73:14-75:3; 111:12-112:15; 79:8-80:6; 112:24-114:25; 103:5-104:16;
2 | 117:16-118:14; 108:9-25; 115:7-12; 116:4-20; 119:2-6; Exhibit 1.

*Roger Darois's Deposition on January 18, 2012*

9:5-16; 10:6-20:5; 23:13-24:17, 25:15-29:6; 33:13-35:20; 36:5-41:13; 42:15-45:17; 46:5-47:10; 47:19-50:24; 60:12-15; 53:11-60:11; 61:9-12; 99:19-100:12; 67:21-69:7; 69:15-70:15; 74:24-76:5; 76:22-77:12; 71:6-74:13; 168:19-169:9; 169:14-23; 171:22-173:17; 80:10-81:24; 83:8-19; 85:2-20; 87:15-88:16; 89:4-90:12; 92:24-96:12; 97:3-15; 99:5-10; 101:3-14; 160:14-21; 103:25-104:15; 105:4-13; 108:5-122:19; 131:7-132:5; 132:12-133:6; 123:5-125:5; 125:19-126:8; 167:3-168:6; 170:4-23; 176:3-177:18; 178:18-184:16; Exhibits 1 and 2.

*Id.* Finally, the court directed counsel to meet and confer within fourteen days to discuss whether the remaining portions of the depositions transcripts are appropriately designated as confidential. The court instructed counsel to submit a joint status report concerning any further disputes about the confidentiality of the depositions transcripts. The parties did not file a joint status report.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Plaintiff's Motions to Seal (Dkt. ##75, 85) are GRANTED to the extent that Plaintiff was permitted to file the Motion to De-Designate (Dkt. #78), Memorandum (Dkt. #79), and Reply (Dkt. #88) under seal.

2. Having now ruled on the Motion to De-Designate, and finding it should be granted except with respect to the portions cited above, Plaintiff is directed to file unsealed versions of the Motion, Memorandum, and Reply, and Exhibits with the court, redacting any language designated as confidential under the Protective Order.

Dated this 6th day of September, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE