UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID SCHMIDT, | ) |
| Plaintiff, | ) 2:11-CV-00978-PMP-PAL |
| v. | ) |
| C.R. BARD, INC. and DAVOL, INC., | ) |
| Defendants. | ) ORDER |

Before the Court is Plaintiff's Motion to Seal Plaintiff's Motion for Reconsideration (Doc. #147), filed on August 19, 2013. The Court will deny the Motion.

Generally, the public has a right to inspect and copy judicial records. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. Id. Consequently, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption." Id. In the case of dispositive motions, the party seeking to seal the record "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (alteration and internal quotation marks and citations omitted). Among the compelling reasons which may justify sealing a record are "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. at 1179 (quotation omitted). However, avoiding a litigant's "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id.

Here, Plaintiff did not submit an affidavit articulating why its Motion for Reconsideration should be sealed in its entirety.  Plaintiff states in the Motion to Seal that the Motion for Reconsideration "describes and discusses the contents of deposition transcripts and documents that are currently designated as confidential under the Protective Order" that the parties entered into with respect to discovery in this matter.  Plaintiff does not provide any explanation of the portions of the motion or its exhibits that should be sealed and why they should be sealed.  The fact that the parties entered into a protective order for discovery purposes is not a compelling reason to seal court records which presumptively are publicly accessible.  Should the parties have privacy concerns regarding certain information in the record, redaction, rather than wholesale sealing of motions and exhibits may be appropriate.  <u>See</u> United States District Court, District of Nevada Special Order No. 108 (providing that "parties shall refrain from including, or shall partially redact" social security numbers, names of minor children, dates of birth, financial account numbers, and home addresses).

The Court therefore will deny the Motion to Seal.  For these same reasons, the Court will order the parties to show cause why Plaintiff David Schmidt's Memorandum in Opposition to Defendants C.R. Bard, Inc.'s and Davol, Inc.'s Motion to Bifurcate Trial (Doc. #116) and Plaintiff David Schmidt's Memorandum in Opposition to Defendants C.R. Bard, Inc.'s and Davol, Inc.'s Motion for Summary Judgment (Doc. #120) and accompanying exhibits should not be unsealed.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Seal Plaintiff's Motion for Reconsideration (Doc. #147) is hereby DENIED without prejudice for the parties to file any motions and supporting affidavits they deem necessary in light of this Order.

IT IS FURTHER ORDERED that the parties shall show cause, in writing no later than September 20, 2013, why Plaintiff David Schmidt's Memorandum in Opposition to Defendants C.R. Bard, Inc.'s and Davol, Inc.'s Motion to Bifurcate Trial (Doc. #116) and

Plaintiff David Schmidt's Memorandum in Opposition to Defendants C.R. Bard, Inc.'s and Davol, Inc.'s Motion for Summary Judgment (Doc. #120) and accompanying exhibits should not be unsealed.  If the parties fail to show cause, the sealed filings at Docket Nos. 116 and 120 will be unsealed.  A party seeking to seal only portions of a document shall provide a proposed redacted copy of the document.

DATED: August 20, 2013

_____
PHILIP M. PRO
United States District Judge